UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 3:11-CR-4 JD |
| | ) |
| JESSE LEE DANIELS, SR., and | ) |
| LOREN HANSON | ) |

## **OPINION AND ORDER**

The defendants, Jesse Lee Daniels, Sr. and Loren Hanson, were charged in a three-count indictment on April 13, 2011, with federal offenses related to the alleged embezzling of labor union funds. [DE 16]. Trial is currently scheduled for January 30, 2012.

On August 15, 2011, the government filed a motion in limine seeking to preempt any issue that might arise under *Bruton v. United States*, 391 U.S. 123 (1968), when it introduces self-incriminating statements made by Daniels at trial. [DE 50]. Although the government plans to introduce Daniels's statements through live testimony by a federal agent, it submitted both original and redacted versions of an investigative report summarizing those statements to the court. [DE 50-1; DE 50-2]. In the redacted version, the government removed those references to Hanson which, in its view, were facially incriminating.

Counsel for Hanson objected to the government's proposed redactions, arguing that they did not go far enough. [DE 68]. In Hanson's view, *Bruton* requires that the statement be scrubbed of references to him almost entirely. He submitted his own proposed redacted version of the statement consistent with this position. [DE 68-1].

Daniels, too, submitted a response. [DE 70]. In it, he argued against redaction on the grounds that redacted passages were potentially exculpatory and essential to his case. Although Daniels's written response did not specify to which redactions he objected, he clarified at the final pretrial

conference held on January 18, 2012, that he had no objection to the government's proposed redactions and took issue, primarily, with Hanson's proposed redaction (2). After hearing argument at the final pretrial conference, the court took the motion under advisement.

Additionally, on October 14, 2011, defendant Daniels filed his own motion in limine seeking to impose various restrictions on the government at trial. [DE 54]. The government responded with no objection. [DE 57]. At the final pretrial conference, the court confirmed that no party objected to Daniels's requests, and notified the parties that it would rule accordingly before trial on January 30, 2012. In this order, the court resolves both of the pending motions in limine.

## DISCUSSION

I.  **The Government's Motion: *Bruton* and Related Issues**.

Rather than restate the investigative report, with which the parties are familiar, in the text, the court has attached a composite document to this order (Court's Exhibit 1). That document is a copy of the original investigative report, with the government's proposed redactions highlighted and Hanson's proposed additional redactions bracketed and numbered (1)-(5) consistent with his submission to the court. At the pretrial conference, the court verified that the government's proposed redactions are uncontested. The dispute before the court is primarily one between the defendants. Hanson wants more redacted pursuant to *Bruton* – specifically, those sections numbered (1) through (4)[1] – but Daniels argues that the additional redactions would violate the "rule of completeness" doctrine and would unfairly deprive him of substantially exculpatory evidence showing his reliance on Hanson's (perceived) authority. The court begins by addressing Hanson's *Bruton* argument.

---

[1] At the hearing, Hanson withdrew his proposal to redact the passage marked (5).

On occasion, in a joint trial, the government seeks to introduce evidence against one defendant which, under the rules of evidence, is not admissible against the other defendant. In such circumstances, the court will typically read a limiting instruction reminding the jury that such evidence may only be considered with respect to the defendant against whom it is admitted, and not with respect to the other.[2] These limiting instructions almost always cure the defect: "Ordinarily, a witness whose testimony is introduced at a joint trial is not considered to be a witness 'against' a defendant if the jury is instructed to consider that testimony only against a co-defendant." *Richardson v. Marsh*, 481 U.S. 200, 206 (1987). This practice "accords with the almost invariable assumption of the law that jurors follow their instructions[.]" *Id*.

In *Bruton v. United States*, 391 U.S. 123 (1968), the Court carved out a narrow exception. The Court held that a defendant is deprived of his rights under the Confrontation Clause when his nontestifying co-defendant's confession naming him as a participant in the crime is introduced at their joint trial, *regardless* of whether the jury is issued an appropriate limiting instruction. The *Bruton* exception is a narrow one, and the Court has confined it to "facially incriminating confessions." *See, e.g., Dickerson v. United States*, 530 U.S. 428, 458 (2000) (Scalia, J., dissenting); *Gray v. Maryland*, 523 U.S. 185, 201 (1998); *Marsh*, 481 U.S. at 207. More specifically, "only those statements that 'expressly implicate' the defendant or are 'powerfully incriminating' trigger *Bruton*[.]" *United States v. Green*, 648 F.3d 569, 576 (7th Cir. 2011) (quoting *Marsh*, 481 U.S. at 208)).

---

[2] *See* Fed. R. Evid. 105: "If the court admits evidence that is admissible against a party or for a purpose – but not against another party or for another purpose – the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly."

3

Most commonly, disputes about whether testimony "expressly implicates" or "powerfully incriminates" a defendant arise where the co-defendant's original statement describes the defendant engaging in conduct that is clearly criminal, but the version presented to the jury removes any reference to the defendant or replaces such references with an indefinite pronoun. *See, e.g., Green*, 648 F.3d at 574-76 (asking whether redacted testimony "obviously" referred to defendant where his name was replaced with the term "straw buyer"); *United States v. Sutton*, 337 F.3d 792, 799 (7th Cir. 2003) (upholding admission of co-defendant confession where defendants' names were replaced with "another individual," "other individuals," "the guy," etc.); *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003) (use of stand-in terms like "Latin Kings" in co-defendant confession did not obviously incriminate defendants); *United States v. Stockheimer*, 157 F.3d 1082, 1086-87 (7th Cir. 1998) (use of substitute term "inner circle" acceptable). In such cases, the question is not whether the conduct described is incriminating. It obviously is. The question is whether the jury will be able to readily identify the defendant as the person engaging in that conduct. Thus, the courts have asked whether the statements are the type which, "despite redaction, obviously refer directly to . . . the defendant, and which involve inferences that a jury ordinarily could make immediately[,]" *Gray*, 523 U.S. at 196, or whether the statements incriminate the defendant only indirectly and "when linked with evidence introduced later at trial[.]" *Marsh*, 481 U.S. at 208; *United States v. Mansoori*, 304 F.3d 635, 663 (7th Cir. 2002).

On the facts, this case is different. The passages that Hanson challenges with his proposed additional redactions are not ambiguous, in terms of who they identify, in the slightest. They name him outright. What is questionable here is whether they associate him with any criminal or incriminating conduct. Here, the principles from the redaction case law are informative: for *Bruton*

4

to come into play, the passages or testimony in question must name Hanson in a way that "expressly implicates" or "powerfully incriminates" him with respect to the offenses charged. *See Green*, 648 F.3d at 576. In determining whether the testimony in question will have that effect, it is useful to inquire whether those passages tend to incriminate Hanson directly or through immediate inference, or whether they are only incriminating when linked with additional evidence at trial, if at all. *Gray*, 523 U.S. at 196; *Marsh*, 481 U.S. at 208

After reviewing the briefing and hearing argument at the final pretrial conference, the court is not persuaded that any of the four additional passages which Hanson seeks to redact are facially incriminating. The first describes Hanson going to a lunch meeting without Daniels to discuss increasing compensation for executive board members. (Court's Exhibit 1, section (1)). The court simply cannot construe this passage as expressly implicating, or powerfully incriminating, Hanson with respect to the charged offense. *Green*, 648 F.3d at 576. The passage is not incriminating on its face, and it does not suggest Hanson's guilt by immediate inference. *Id*. There was nothing illegal about the topic of discussion, nor does the passage indicate that any employee, including either Hanson or Daniels, was going to receive unauthorized payments. The same goes for proposed redactions (3) and (4). The fact that Hanson was particularly cautious about his federal tax liability does nothing to push the jury towards the conclusion that he was embezzling labor union funds on the side. While it may be relevant to Hanson's authority to issue checks, it does not prove, nor suggest an immediate inference, that he abused that authority in the way charged in the indictment.

Proposed redaction (2) is not much more difficult. In that passage, Daniels recounts asking Hanson about a pay decrease he had received when the union released its most recent pay rate sheet. Hanson told Daniels it was a mistake. Without more, this is not incriminating. The parties all agree

5

that payments under the 2005 rate sheet were legal and are not subject to prosecution in this action. It is one thing for a person's superior to tell him a pay cut was a mistake; it is quite another thing for the two to conspire to embezzle funds by cutting themselves, and each other, additional paychecks on the side. Perhaps Hanson's characterization of the pay situation as a "mistake" will become more damaging when linked with other evidence adduced at trial, but that does not make it impermissible under *Bruton*. *See Marsh*, 481 U.S. at 208; *Mansoori*, 304 F.3d at 663. As the statement currently stands, it is not facially incriminating, and it does not present a problem. Hanson's only rebuttal to the foregoing is his argument, made for the first time at the hearing, that a failure to redact these passages on *Bruton* grounds will preclude him from arguing that Daniels and Hanson never met, or never discussed compensation rates at all. But *Bruton* does not protect a defendant from *any* inconvenience or inconsistencies in his case arising out of the introduction of a co-defendant's statement at trial. It only protects against those statements which are "powerfully incriminating" or "expressly implicate" the defendant. The mere fact of Hanson's association with Daniels – a fact which is totally unremarkable in light of their contemporaneous service on the union board – is not so incriminating as to require redaction.

In conclusion, the court will allow the introduction of Daniels's previous statements through the live testimony of a federal agent consistent with the redacted investigative report submitted by the government. A limiting instruction will be given at the time the evidence is introduced,[3] and so long as the government introduces only testimony compliant with its own redactions, no *Bruton*

---

[3] The court proposes to instruct the jury: "The government is going to introduce testimony about pretrial statements made by one of the defendants, Jesse Daniels. You must consider this statement only against Mr. Daniels, and not against Mr. Hanson." *See United States v. Spagnola*, 632 F.3d 981, 988 (7th Cir. 2011) ("district court's limiting instruction—that pre-trial statements were to be considered only against the defendant who made them—was sufficient" in case where portions of co-defendant statement introduced were not facially incriminating).

challenges will be sustained. Because the court has found Hanson's proposed additional redactions unwarranted on *Bruton* grounds, the court need not address Daniels's arguments against them. The government's motion in limine [DE 50] is GRANTED, and Hanson's proposed additional redactions, to the extent they rely on *Bruton*, are denied.

Finally, the court addresses the hearsay issues raised by Hanson at the pretrial conference. In addition to his *Bruton* argument, Hanson argued that portions of his proposed redaction (4) are inadmissible hearsay. The issue requires some clarification. On one level, the entirety of Daniels's statement, as it will be recounted by a federal agent on the stand, is inadmissible hearsay against Hanson. But because the bulk of it is admissible against Daniels as the statement of a party opponent, *see* Fed. R. Evid. 801(d)(2)(A), it cannot be kept out of evidence entirely. The court's proposed limiting instruction is the appropriate solution to *this* problem. *See* Fed. R. Evid. 105. But Hanson correctly points out that the statement "Daniels heard that once upon a time Hanson ended up owing the government a big payment for taxes one year, so that might have been his motivation[,]" presents another level of potential hearsay. (Court's Exhibit 1, proposed redaction (4)). The court may be faced with a government agent testifying as to what Daniels told the government agent an unidentified third party said. This is a potential double-hearsay issue.

"Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule." Fed. R. Evid. 805; *see also United States v. Borrasi*, 639 F.3d 774, 780 (7th Cir. 2011) (noting that "courts may not permit the introduction of hearsay contained within hearsay unless each layer is properly admitted under an

7

exception to Rule 802.").[4] The limiting instruction cures Hanson's hearsay problem with respect to the top level of hearsay, which must be excluded with respect to Hanson but admitted with respect to Daniels. But if the bottom level – the statement of an unidentified third party to Daniels – is inadmissible against both defendants, then *that* statement is simple hearsay and cannot be introduced. The government has presented the court with no reason why, if the statement in question were introduced to prove the truth of the matter asserted, it would not be inadmissible hearsay. Accordingly, the court will grant Hanson's objection to that portion of the statement if it is introduced in the manner stated in the report.

**II.     Jesse Daniels's Motion**

Jesse Daniels filed a motion in limine on October 14, 2011. [DE 54]. In it, he asked that the court: (1) order the attorney for the government to refrain from commenting or suggesting any inference during the voir dire examination of the jury, opening or closing arguments, or direct or cross-examinations respecting the right of the defendant not to testify in a criminal case; (2) prohibit the attorney for the government from commenting at trial on issues related to the sentence or punishment provided by law for the crimes alleged; (3) order the separation of witnesses; (4) prohibit witnesses from reading transcripts of trial or pretrial testimony given by other potential or actual trial witnesses; (5) prohibit any comments which tend to minimize the fact that the government has the burden of proving each and every element of the offenses charged beyond a

---

[4] This is true even where one level of potential hearsay is admissible as the statement of a party-opponent. *See*, e.g., *United States v. Boyd*, 640 F.3d 657, 662, 664-5 (6th Cir. 2011) (each level of hearsay must be independently admissible even where "top" level is plainly the statement of a party opponent); *United States v. $92,203.00*, 537 F.3d 504, 508 (5th Cir. 2008) (where law enforcement officer told agent about defendant's statements, and agent took the stand, agent's testimony about what law enforcement officer said was inadmissible hearsay even though defendant's statements to law enforcement officer were admissions of party-opponent); *Vazquez v. Lopez-Rosario*, 134 F.3d 28, 34 (1st Cir. 1998) (For hearsay-within-hearsay to be admissible, "[e]ach link in the chain must be admissible, either because it is an admission and thus not hearsay or under some other hearsay exception.").

reasonable doubt, including comments suggesting that the burden of disproving an "intent to defraud" shifts to the defendant at any time; and (6) prohibit the attorney for the government from offering any other "bad acts" or "other crimes" allegedly committed by the defendant which have not been produced in discovery. On October 20, 2011, the government responded with no objection beyond some confusion as to the terms of Daniels's requests. [DE 57]. At the pretrial conference, the court clarified and verified that neither the government nor Hanson have any object to Daniels's motion in limine. Thus, Daniels's motion [DE 54] is GRANTED.

## CONCLUSION

The government's motion in limine [DE 50] is GRANTED, and the government will be permitted to introduce a federal agent's testimony as to prior statements by Jesse Daniels, so long as the government complies with the redactions it submitted to the court. The court will read a limiting instruction contemporaneous with the introduction of the evidence in question. The court does grant defendant Hanson's hearsay objection to the statement discussed herein, at least to the extent that the government attempts to introduce that statement at the trial in the form it has been submitted to the court. Defendant Jesse Daniels's motion in limine [DE 54] is GRANTED as unopposed. Finally, by way of confirmation, the court notes that at the pretrial conference the defendants stated no objection to the twenty-five business records and summary exhibits the government intends to produce at trial, and the government did not object to the allocation of fifteen peremptory strikes to be executed by the defendants jointly.

SO ORDERED.

ENTERED: January 25, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court